IN RE DISQUALIFICATION OF MORLEY.

MILLER *v.* EASTER SEAL SOCIETY OF MAHONING, TRUMBULL AND COLUMBIANA COUNTIES, INC.

[Cite as *In re Disqualification of Morley* (1994), 74 Ohio St.3d 1257.]

(Nos. 94–AP–030 and 94–AP–031—Decided May 11, 1994.)

MOYER, C.J.  These affidavits of disqualification were filed by Robert A. Lenga and William J. Kish, counsel for defendant, Tri–County Easter Seal Society, in the above-captioned case.  Affiants claim that Judge Leo P. Morley is biased and prejudiced against affiant Kish and, as a result, cannot fairly and impartially preside in this matter.

In 1991, Judge Morley was a party to an unrelated action, referred to by the parties as the *Lake Milton* case, in which affiant Kish served as counsel for the defendants.  Subsequent to the conclusion of this action and in response to an affidavit of disqualification filed by Kish's law partner, Joseph Gardener, Judge Morley notified this court that he would recuse himself from all pending and future cases involving Kish and Gardener, and the firm of Kish & Gardener Co., L.P.A.  An entry of disqualification was entered in accordance with Judge Morley's communication, and Judge Thomas Swift of the Probate Division of the Trumbull County Court of Common Pleas was assigned to hear the cases from which Judge Morley was disqualified.  *In re Disqualification of Morley* (Jan. 8, 1993), No. 92–AP–068, unreported.

Subsequently, Judge Morley contacted this court to indicate that his intent was to recuse himself from only those cases filed by Kish, Gardener, or their law firm.  The original entry of disqualification and assignment of Judge Swift were corrected to reflect this intent.  *In re Disqualification of Morley* (Jan. 21, 1994), No. 92–AP–068, unreported.

In the underlying case, affiant Lenga was counsel of record for the Tri–County Society, and affiant Kish first entered an appearance on behalf of the Tri–County Society in January 1994.  In view of the corrected entry of disqualification, Judge Morley could preside over the case, since the action was not filed by Kish, Gardener, or their law firm.  Affiants have filed these affidavits of disqualification, essentially claiming that the appearance of impropriety stemming from the *Lake Milton* case and cited by Judge Morley as the basis of his earlier recusal exists regardless of whether Kish, Gardener, or their law firm file the cases or are involved in the representation of parties in cases filed by other attorneys.  Judge Morley asserts that he harbors no bias or prejudice that would affect his consideration of this case and notes that the *Lake Milton* case has been resolved for over two years.

Although the entry in No. 92–AP–068 was changed at Judge Morley's request to reflect more accurately his intent to recuse himself only from cases filed by Kish, Gardener, or their law firm, I conclude that his disqualification in all cases

in which the firm or its individual members are involved as trial counsel is necessary in order to avoid the appearance of impropriety.

I recognize that a blanket order of disqualification may have the unintended result of encouraging litigants to retain members of Kish & Gardener solely for the purpose of having their cases heard by a judge other than Judge Morley. Affiants, other counsel, and litigants engaged in pending and future cases assigned to Judge Morley are cautioned that the applicability of this order to specific circumstances is subject to review and modification where necessary to prevent its abuse.

Accordingly, Judge Leo P. Morley is hereby disqualified from this matter and from all current and future cases in which Joseph W. Gardener, William Kish, or the firm of Kish & Gardener Co., L.P.A., is counsel of record. Another judge will be assigned to preside in those cases.